```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**JAMES BOYCE HARMON,**

                               Plaintiff,

                                                               CIVIL ACTION
      vs.                                             No. 05-3163-GTV

**HARLEY A. LAPPIN, et al.,**

                               Defendants.

<u>ORDER</u>

This matter is before the court on a complaint construed by the court as filed under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN), proceeds pro se seeking injunctive relief and damages on his challenge to the no smoking policy imposed at USPLVN.

By an order dated April 11, 2005, the court dismissed the complaint without prejudice pursuant to 42 U.S.C. 1997e(a), based upon plaintiff's failure to show his full exhaustion of administrative remedies. Before the court is plaintiff's motion to amend the complaint (Doc. 6) and plaintiff's motion for reconsideration of the court's dismissal of the complaint.

Plaintiff's motion to amend the complaint is denied. Even though plaintiff's proposed amendment, submitted to prison officials for mailing on April 6, 2005, could be considered as a

pre-judgment[1] amendment of the original complaint pursuant to Fed.R.Civ.P. Rule 15(a), dismissal without prejudice of the proposed amended complaint under 42 U.S.C. 1997e(a) would still be warranted because plaintiff seeks to add new defendants and claims with no indication that he fully or properly exhausted administrative remedies on any such claims.

Plaintiff's motion for reconsideration, construed by the court as a timely filed motion under Fed.R.Civ.P. 59(e) to alter and amend judgment, is denied. As to plaintiff's failure to exhaust administrative remedies,[2] plaintiff essentially contends no such exhaustion is required under the circumstances. The court finds no merit to this contention.

The court also rejects plaintiff's claim that the order and judgment issued on April 11, 2005, is not valid because it contains no file stamp, court seal, or judicial signature. The orders and judgment entered in this matter fully comply with the electronic case filing procedures adopted by the District of Kansas effective March 20, 2003.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion to amend the complaint (Doc. 6) and motion to alter and amend judgment (Doc. 7) are denied.

---

[1] See Houston v. Lack, 487 U.S. 266, 270 (1988)(pro se prisoner's notice of appeal deemed filed when delivered to prison authorities for forwarding to district court). The court received and docketed plaintiff's amended complaint on April 12, 2005.

[2] Plaintiff's motion also repeats many of the allegations asserted for the first time in his proposed amended complaint.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 9th day of May 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge